ZEL S. RICE Il, Secretary Department of Industry, Labor andHuman Relations
You have informed me that certain individuals erroneously were paid unemployment benefits and you request my opinion concerning whether such payments constitute overpayments which those individuals should be required to repay. The erroneous payments resulted solely from your Department's incorrect determination of the average weekly wage and benefit rates under sec. 108.05 (2), Stats. As a consequence, minimum weekly benefits were paid to approximately 814 individuals whose average weekly wages would have been insufficient to qualify for minimum benefits under a correct determination.
You indicate that your Department takes the position that the benefits paid should stand as paid and need not be repaid. It is my opinion that the erroneously paid benefits constitute overpayments which the individual recipients should be required to repay, but that your Department has discretion whether to seek recovery of such overpayments.
Section 108.16 (2)(b), Stats., provides that each employer's account in the Unemployment Reserve Fund shall be charged for all benefits paid to its employes based on their past employment with that employer. Where the Department finds, however, that any benefits which have been charged to the employer's account have been erroneously paid to an individual, without fault by the employer, both the individual and the employer must be notified as to the erroneous payment. Sec. 108.16 (2m), Stats.
If benefits currently are payable to such individual from the employer's account, the Department may correct the error by adjusting benefits accordingly. If not, the treasurer of the Unemployment Reserve Fund, with certain exceptions, must restore the proper amount to the employer's account and charge such amount to the fund's balancing account. Thereafter, the treasurer may reimburse the balancing account by crediting to it benefits which otherwise would be payable to, or cash received from, the individual. Sec. 108.16 (2m), Stats. *Page 230 
Section 108.22 (8), Stats., which applies to the recovery of such erroneous payments, and which equates such erroneous payments with "overpayments," provides:
 "(a) In case benefits have been erroneously paid to an individual, the individual's liability to reimburse the fund for such overpayment may be set forth in a determination or decision issued under s. 108.09.
 "(b) To recover any overpayment which is not otherwise repaid or recovery of which has not been waived, the department may offset the amount of the overpayment against benefits the individual would otherwise be eligible to receive, or file a warrant against the liable individual in the same manner as is provided in this section for collecting delinquent payments from employers . . . ."
The treasurer of the fund must waive recovery of overpayments where the claimant's liability first has been established under sec. 108.22 (8)(a), Stats., and where (1) the claimant has been duly discharged of such liability by a federal bankruptcy court, (2) the claimant has died and reasonable efforts have been made to recover the overpayment from the claimant's estate, or (3) the overpayment has been outstanding six years or more after the liability was established and reasonable efforts have been made to recover it. Sec. 108.16 (3)(a), Stats.
Reading secs. 108.16 (2m) and 108.22 (8), Stats., together, it is evident that the Legislature intended that erroneous benefit payments to individuals without employer fault should be recovered. There is nothing inequitable about requiring repayment since the individual recipients would not have qualified for benefits under a correct determination and, therefore, were not entitled to the benefits received. Moreover, it does not appear that the balancing account, which the Department maintains as trustee, was intended to permanently reimburse employer accounts where erroneous payments have resulted from departmental error. Sec. 108.16 (6), (6m), (7)(a) and (b), Stats.
Although I believe that the individual recipients should be required to repay the erroneously paid benefits, the use of the word "may" in secs. 108.16 (2m) and 108.22 (8), Stats., gives the Department discretion whether to seek recovery of such *Page 231 
overpayments. Generally, the word "may" is permissive when used in a statute, and this is especially true where the word "shall" appears in close juxtaposition in other parts of the same statute. Scanlon v. Menasha, 16 Wis.2d 437, 443, 114 N.W.2d 791
(1962). Thus, while the treasurer of the fund shall transfer amounts from the balancing account to the employer's account, andshall waive recovery of overpayments in certain situations, the treasurer may reimburse the balancing account and the Departmentmay offset overpayments against amounts payable, may establish an individual's liability under sec. 108.09, Stats., or may file a warrant against a liable individual. Accordingly, your Department is authorized, although not required, to seek recovery of benefits paid erroneously because of departmental error.
BCL:DCR